It pleases the Court, I'm Robert Moore, Counsel for Fru-Con Construction Corporation and Travelers. The plaintiffs in the District Court action that has now been stayed based on the Colorado River Doctrine. And I'm going to try to reserve a minute and a half for rebuttal. We are here because the District Court refused to try this case for nearly five years. The case was properly before the District Court based on the diversity statute, but for a period of nearly five years, the District Court refused to set a trial date and then try this case. Then, after nearly— Are you suggesting that was arbitrary and capricious? I'm suggesting that it was an abuse of discretion. If the parties really, if Fru-Con really wanted to try in that time and the District Court was refusing to exercise its authority to properly set a trial date, did you try to ask for a mandate? We did not, Your Honor. So you didn't try to mandate the District Court ask us to issue a mandate saying, you know, you're arbitrarily and capriciously failing to set a trial date for these folks, and we know you're playing Colorado River games without playing the game. Why, District Judge, set a trial date? We did not know the District Court was playing Colorado River games for a period of five years. Why? Well, because for a period of five years, we went from status conference to status conference with us asking for a trial date and never got one. Then, in August of 2009, we went to another status conference, and Travelers and Fru-Con once again asked for a trial date to be set on November 1st. It was only then that we were told that the court sua sponte was going to stay this case under Colorado River. We thought we were three years beyond Colorado River because the court had twice denied a motion to stay this case under Colorado River. Yes, but you knew, you knew supposedly that the court was arbitrarily and capriciously failing to set a trial, and you didn't sit down and say, huh, I wonder why the court did that, and how can a court do a thing like that to us? Ergo, you didn't ask for a mandate to get the court to get off whatever it was on and set a trial date, did you? We did not ask for or file a writ of mandate to get a trial date set. And about the time you went to trial in the State court, I believe you told the District Court, well, let's not set a trial now, right? Well, we couldn't try a case in two courts at the same time. But when that State court trial ended, we went back to the Federal court and asked for a trial date to be set. So at least that period, it was fair enough the District Court wasn't setting it, correct? Well, for the two and a half months when we were in trial in State court, I didn't expect the Federal court to set a trial date. That would have been problematic. But up to then, you did expect it to set it, and it wasn't doing it, and you knew it was arbitrarily refusing to set a trial date. Is that correct? Up to that point, we expected the Federal court to set a trial date. Subsequent to that State court trial, we expected the Federal court to set a trial date. Whether that's arbitrary or not, I don't know. At this point, it's a clear abuse of discretion, because the problem of the court I'm not talking about subsequent. I mean, whatever happened before is irrelevant. The question is, on the day the court issued a true Colorado River stay, was it appropriate? Not whether there was some silly delay before that. That's irrelevant. All you guys, nobody thought that they should try to force the court to set a trial date. And on the date that the court finally, on its own motion, ordered the Federal court's Federal action stayed on Colorado River, it was an abuse of discretion. It was not appropriate at that date. So we're going to forget, though, all that prior period. That's irrelevant, really. The question is what happened on the day it set it, at which point the State court had already decided the case. And the only reason you're even talking to us now is that, strangely enough, in California, they don't do what we do in the Federal system, right? That's absolutely right, Your Honor. So it's up on appeal. Yes, it is. And therefore, it's not final yet. That's right. And that's why we're talking. But the question is, on that, if Federal court came in, ignoring what went before, Federal court, you're in Federal court, we're on day X, and you're saying, Judge, why don't you set a trial date now? And the judge says, gee, the State's already tried this case. I think I'll delay and wait a while on Colorado River. That has to be wrong then and not because it went before, right? Well, I disagree. But let me address the issue of whether that was wrong then. There is no case anywhere that says, and we assume the State court case was a parallel proceeding. There's no case that says, once that parallel proceeding goes to trial, boom, Colorado River kicks in and the Federal court action gets stayed. That is not the law. There are a series of factors that you look at. And the very simple fact that the case was tried in State court does not mean Colorado River kicks in and the case gets stayed. The argument for you, stated the most sympathetically, at least in my view, stated the most sympathetically, is that this is not the ordinary case where the Federal court went forward at its ordinary pace, and it turns out that the State case went to trial first. And then he says, oops, well, that's a serious factor. If you've already had one trial under Colorado River, I'm entitled to consider that. I will therefore not do it. The reason the State court trial went first was that for a period of about, oh, 18 months or so, the district judge just kind of didn't say anything, but he just kind of sat on it. And so the delay that the district judge produced by sitting on it produces the Colorado River factor of the thing goes first, and that's that. He just kind of sat on it. Now, Judge Fernandez's question to you is kind of the response. He said, well, you know, you knew he was just sitting on it, so why didn't you mandamus him? Well, Your Honor, first of all, for a period of two and a half years when he sat on it, 2007 to August 2009, if in fact the completion of the State court trial would mean Colorado River kicks in and the Federal court case gets staged, there might have been a greater reason to file a writ of mandamus. But I fully expected, if not to go to trial in Federal court before the State court case, then to go to trial after the State court case. Did you really? How long did the State trial take? How many days? From beginning to end, three months. Oh, my God. And you expected you were going to have another three-month trial in Federal court after you had one in State court? I expected to do it a lot quicker the second time around. I don't think you knew Judge Carlton well. Your Honor, here's the situation we face, and this is why what went on before is not irrelevant. The district court created the single Colorado River factor that the district court then said justified. That's the argument I was just making for you. That's exactly the argument. That's the reason this case troubles me. And there is no case law anywhere that says the district court, by its own action, can create the single factor that it then uses to implicate Colorado River. Nothing anywhere. In fact, that decision flies in the face of every Colorado River decision. It flies in the face of the language of the Supreme Court and this Court that says the district court has an unflagging obligation to try those cases, even in the face of a parallel proceeding. And it flies in the face of the presumption. Is the resolution of this conundrum, which you say the district court has deliberately created, a remand to the district court in order to set a new trial, which, as near as I can tell from this record, is going to be a complete rehash of everything that got tried in the Sacramento County Superior Court? And a complete waste of a federal court's docket and a very busy district. Why should we punish the district that way? I mean, aren't there other ways to take care of what the district judge did here than to foist another trial on him? We don't see it as punishment for the district court to exercise the jurisdiction that Congress said you shall exercise. Well, let's take this hypothetical. Maybe this is an unfair question. If we forget about all the delay here that the district court caused and we were to send this back, let's say to a different judge at this point, what would prohibit that judge from entering a Colorado River stay given the procedural posture of the two parallel cases? Because, well, first of all, they're not parallel cases. Second of all, the procedural posture hasn't changed, is not different now than it was in August of 2009. There's one factor that the court said weighs in favor of the stay, and that's the factor the district court brings. But where are we in the state process? I assume that the appeal has been filed. Do we know when there's going to be an argument in the state court on the court of appeal? No, we don't. No, we don't, Your Honor. Do we have any idea? Briefs have not been submitted. No briefs have been submitted? No. But, Your Honor, it's not punishment. You know, I'm kind of slow in writing opinions. Your Honor, what we're asking is not a rehash in district court. The district court hasn't tried this case once yet. My clients have a right, a constitutional right and a statutory right, to try this case in federal court. There's no case anywhere that says if it's been tried once in state court, that's it, you're done. There is no res judicata effect. There is nothing that says this case is over. There's one factor that the district court created. I've used a lot of my time, Your Honor. That's all right. Let's hear from the other side, and we'll give you a chance to respond. Thank you, Your Honor. Of course. Let me ask one quick question. Does traveler's absence here mean that traveler's is happy with the situation? Traveler's is not happy with the situation. I'm here on behalf of both CRUCON and traveler's. Okay. We'll make sure you get a chance to say what you need to say in response. Thank you. Counsel just said there is a right to have a trial in federal court. That certainly is not true as the traveler's because it brought a declaratory relief action. There is no right to have an immediate trial in a declaratory relief action. It's solely discretionary with the district court whether to go forward and how fast to go forward. Well, that's a Brillhart kind of argument, right? Absolutely. But the district court has discretion to decide whether to go forward or not, right? Absolutely. But the district court didn't make a Brillhart decision, did it? Didn't have to because of its Colorado River decision. Whether it had to or not, it didn't, actually. I was obliquely addressing the hypothetical what if this went back to a new judge and everything were on the table again, both Colorado River and if that didn't work, then Brillhart. So there would ultimately down the road have to be a Brillhart determination by the district court, regardless who the district court judge might be. Similarly, counsel said that these are not parallel actions. That's not what Travelers and Frucon told the district court. On four separate occasions in 2008 and 2009, fairly recently, Travelers and Frucon told the district court in its status conference statements, there is a parallel state court proceeding. They use those very words on four separate occasions, excerpts of record 15, 25, 33, and 40. What did they mean by parallel proceeding? Well, in three of those four instances, the very same document discussed the Colorado River doctrine. They weren't talking about parallel in the sense of younger abstention or parallel in a geometric sense. They were talking about parallel in a Colorado River context. In fact, in two of those four instances, Colorado River and the statement there is a parallel state court proceeding appeared in the very same paragraph. I'm not very worried about that. What I am worried about is what I signaled already, and that is to say it does appear to me that a fair inference from what happened is that Judge Carlton didn't like Colorado River. He made that explicitly very clear at several points, but he says I have to follow it. He said he has to follow it. And then he sits on the case. He doesn't say anything. And that goes on for a very long time. I think that's not his normal scheduling practice. He's pretty prompt. And then, miraculously, the state court tries the case. We get a jury verdict. And then Colorado River, which he hates, comes to the fore, and bingo, he gets to stay. It seems to me that at least a permissible inference going on here is that Judge Carlton created the very situation that he then uses to justify the Colorado River stay. What are we supposed to do with that? I think that's more of a hypothetical than just a reference. For me, it's not a hypothetical at all. That's how I see it. Okay. What happened during what counsel referred to as the 18-month gap? There was discovery. There was lots of discovery. There was motion practice. There was lots of motion practice. And, most importantly, there were pending summary judgment motions. You can't have the trial before you rule on the summary judgment motions. And the ruling — Excuse me. And how long were those summary judgment motions pending? They were pending until March of 2008. And when had they been submitted? I don't recall, Your Honor. Sorry. But as Judge Fernandez referred, if travelers in Frucon thought that the district court judge was sitting too long on the summary judgment motions, there was a remedy for that. They could have filed a petition for writ of mandate. Well, in theory, of course, there is, but that's kind of illusory. You don't mandamus a judge lightly, and we don't grant mandamus lightly either. And, however, this court doesn't assume pendant appellate jurisdiction lightly either, and that's really what the court would be doing if it reached back behind the state court judgment to the 18-month period and ruled that there was an abuse of discretion by Judge Carlton for sitting on the summary judgment motions too long or not setting a trial date. That would essentially be an exercise of pendant appellate jurisdiction, which the court knows it does so only very, very rarely. You lost me on the pendant appellate jurisdiction. Well, essentially, there's no jurisdiction now for this court to review the 18-month delay for abuse of discretion. But there's certainly jurisdiction for us to review the granting of the Colorado River State. Absolutely. And it seems to me that the opinion almost writes itself. If we were to say there was a lengthy delay deliberately created by the district judge in order to have Colorado River apply, therefore, Colorado River would stay under the circumstances improperly granted. I don't see the pendant appellate jurisdiction part at all. Could not say that it's deliberate in light of Judge Carlton's statement on the record that he was going to obey Colorado River. But he didn't. The record doesn't support what he said. He said one thing, he did another. That's the conundrum I see that we're in here. And the question is, what do we do about it? I mean, we can grant the appeal and we can remand at which point the stay is dissolved. And it seems to me it's then incumbent on Frucon to get their trial date. And then you're going to have to convince, I suppose, Judge Carlton, that you really don't need to retry the same three-month trial all over again. And I suppose, theoretically, he could enter another Colorado River stay, citing the pendency of the California appellate proceedings, and then we'd be right back at it. Or a Brillhart stay as to Traveler's Declaratory Relief Act. So that's why if Travelers and Frucon had a problem, they should have gone in with a petition for an arrest mandate to avoid this entire conundrum. So it's not as if their hands were tied and they had no recourse and they were being abused by a district court judge. They just sat on their hands. Well, the Brillhart would run to Travelers, certainly, and I realize it consolidated them, which is rather bizarre all by itself to me, but the Brillhart stay would run to stop Travelers. Absolutely, right. It wouldn't stop Frucon from going for it on its own, necessarily. That's the classic Colorado River case addressed by the Seventh Circuit in the Clark case. Or this court in the Nakash case, the Jordache guest case, which the court is very, very familiar with. When you have that much of a disparity in the proceedings, that in and of itself is grounds for issuance of a Colorado River stay. But going back to the trial date, which I know is bothering the court in a few of its questions, put yourself in the shoes of the district court in, let's say, May of 2008. March of 2008, the summary judgment motions have been rolled upon. Two months later, Travelers and Frucon come into court and they ask for a trial date. But the court also knows that the state court trial is just on the horizon. In fact, motions in Lemonay are coming up in November of 2008. So you have a six-month window for a three- or four-month trial. The district court is busy. It has criminal cases, as does this case. It can't just cut Travelers and Frucon to the front of the line. It's busy releasing California prisoners. I'm talking about a thesis remark. Judge Carlton has another three-judge court case going on. Okay. Very good. So at least if you put yourself in the shoes of the district court as of March 2008 or May 2008, clearly it was a decision that many district court judges would have made. They would have made the exact same decision. So the only thing that Travelers and Frucon is left with is the supposed slowness, which was always subject to the petition for writ of mandate. Thank you, Your Honor. Justice? Response. I'll try to be quick, Your Honor. Say what you need to say. I do not think it is only a permissible inference that Judge Carlton decided he didn't like Colorado River and to dictate that he try this case and, therefore, he dragged his feet and then created the one issue that he used to stay the case. I think it's undisputable that that's what he did. Look at the language in his order. What about your opponent's point, which I think is well taken, that there was a lot going on vis-a-vis the parties during that period of time, including discovery, motions, practice, and presumably preparation for the state court trial? As well as preparation for the federal court trial, because the parties agreed that any discovery would be used in both. There was a lot going on to prepare for trial. We wanted it in federal court first. They wanted it in state court first. But, frankly, the fact that it went to trial in state court first does not mean we don't get our federal court trial. Well, but I think what you were urging us to do was to do more than infer that he drug his feet. And I'm not even sure I'm willing to go that far, given the fact that there was a lot going on. Well, let me clarify. I assume you've got a pretty voluminous record. Well, I can refer you to Judge Carlton's language that will allow you to make that inference or reach that undisputed fact. He said in his order, while the court has not issued a formal stay since that time, he's referring to the last time he denied the Colorado River motion. But he acknowledged the de facto. A de facto stay has been in place for roughly 18 months. Well, the term de facto stay is what he uses to describe his refusal to try this case. There was no stay order, formal or informal. There was no de facto or de jure stay in order that was appealable by us. And there's no support for the proposition. Why should we infer that? That he's saying, ha, ha, I've done a Colorado River stay de facto. He doesn't say that. Well, he says, in fact, this case has been stayed. And it had been. Well, it had not been. There was no stay. Not a stay as such. That's why he's calling it de facto. In fact, this case has been delayed for X months. Well, what he also referred to it as is, by implication, an informal stay. Because he said, well, the Court has not issued a formal stay. The implication is he had issued an informal stay unknown to us. And that's the sole Colorado River factor that he then used later on to stay this case. His stay does not fall anywhere within Colorado River or any Colorado River case. If this is the case. Okay. I'm afraid we get the picture. If you'd like to sum up, I mean, I would. Let me sum up. The state action is also not a parallel action. Regardless of language we used in status reports. And I haven't looked at those in a long time. Travelers is a party in the federal case, consolidated with the Prucon case. Issues raised by both SMUD and Travelers regarding breach of the performance bond were never in the state court case. And the case on point is a northern district of Georgia case, Atlantic Mutual, 2007, involving very similar facts. Surety's action in federal court on an indemnity agreement arising out of performance bond was the issue in federal court. The state court action was arising out of the construction contracts. Court there said not parallel because different contracts are at issue. Okay. The cases are not parallel. Your Honor, let me close by begging. And I've heard his Honor's description of what may happen if this case goes back and we have another Colorado River stay order. I feel like I've been locked in a trunk in Las Vegas in the middle of summer. What we're asking is a reversal and a remand and a direction to the district court to try this case as soon as possible because my clients have a right to that trial. Thank you very much. Did he rule on the summary judgment motions? Or are those still pending? Summary judgment motions were filed in February of 2007. Right. They were decided, I'll agree, I don't know. We don't have any pending summary judgment motions. No. Everything was done except the trial. Except the trial. Okay. Thank you. Well, very good arguments on both sides. And this, I'm afraid, is kind of a tricky case. Frucon Construction Corporation versus Sacramento Municipal Utility District now submitted for decision. I'll say something. We've got some law students in the room here. After conference, one or more of us is willing to come out and answer questions if you like. But you'll have to wait until we finish our conference. We're now in adjournment. Thank you.
judges: Fernandez, Fletcher W. , Tallman